UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JAMES WILSON, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 2:16-CV-129 |
| ) | |
| JOHNNY BLANKENSHIP and JANET SMITH, ) | |
|     Defendants. ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the defendants' motion to dismiss, [Doc. 4]. The plaintiff filed a response, [Doc. 10], in opposition. The plaintiff also filed an amended complaint, [Doc. 8].[1] The defendant also filed a second motion to dismiss and/or for summary judgment. [Doc. 11]. The plaintiff has responded to this amended motion to dismiss and/or motion for summary judgment. [Doc. 24]. The only remaining ground for consideration is whether the defendants are entitled to absolute immunity. The matters are ripe for review.

**I. FACTS**

According to the plaintiff's amended complaint, criminal charges of identity theft and theft of $500 or less against the plaintiff were presented to a state-court grand jury on September 8, 2015. [Doc. 8 ¶ 12-13]. The grand jury issued a "no true bill" finding that the government had not presented sufficient probable cause to prosecute the plaintiff on those charges. [*Id.* ¶ 14]. On September 15, 2015, defendant Janet Smith ("Smith") issued a Capias/Bench Warrant for the plaintiff's arrest on the charges for which the grand jury returned a no true bill. [*Id.* ¶ 15].

---

[1] Carter County, Tennessee was originally named as a defendant in this matter. [Doc. 1]. In the motion to dismiss, the defendants note that the plaintiff's suit against Smith and Blankenship in their official capacities is the "same as a claim against Carter County." [Doc. 4 n 1]. After being put on notice by the motion to dismiss, a Stipulation of Voluntary Dismissal of Carter County, Tennessee was entered, [Doc. 7]. Additionally, Carter County, Tennessee was not named as a defendant in the amended complaint, [Doc. 8]. Therefore, the Court considers the suits against Smith and Blankenship in their official capacities dismissed and section III of the defendants' motion, [Doc. 4], will be disregarded as it pertained only to the dismissal of Carter County.

1

Defendant Johnny Blankenship ("Blankenship") is Smith's supervisor as the Circuit Court Clerk for Carter County, Tennessee.

Along with their second motion to dismiss or alternative motion for summary judgment, the defendants submitted a declaration of Smith stating that "Judge Rice wrote her Order on the presentment stating: 'Bond set at $10,000.'" [Doc. 11-1]. Smith also declared that "On September 15, 2015, pursuant to our standard practices based upon Judge Rice's Order, I executed a bench warrant for the arrest of Mr. Wilson with the bond set at $10,000." [*Id.*] The defendants also submitted a copy of the original Presentment from the Grand Jury which contains the handwritten words of "Bond set at $10,000.00" directly above the signature of what Smith declares is the signature of Judge Rice. [*Id.*]

The plaintiff was arrested on September 20, 2015, on this bench warrant and was incarcerated for sixty-four days. [*Id.* ¶ 20]. On November 23, 2015, the plaintiff was released on electronic monitoring supervision for a total of ninety-eight days. [*Id.* ¶ 21]. The plaintiff was released from electronic bond monitoring on February 29, 2016, upon motion of his counsel. [*Id.*]. The plaintiff alleges that his arrest and criminal charges were published in at least one local newspaper. [*Id.* ¶ 19]. The plaintiff further alleges that because of this erroneous arrest warrant he lost his employment, his ability to obtain new employment, a significant amount of money, visitation with his children, and his freedom. [*Id.* ¶ 23].

The plaintiff sued the defendants in their individual and official capacities alleging a violation of his Fourth and Fourteenth Amendment rights under 42 United States Code § 1983 ("§1983"). The plaintiff also brought state law claims of false imprisonment, libel, and negligence against defendant Smith. The plaintiff seeks only monetary damages in the form of compensatory and punitive damages as well as costs and attorney's fees.

## II. STANDARD OF REVIEW

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) eliminates a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Moreover, Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and to "state a claim to relief that is plausible on its face," *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Moreover, this Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft*, 556 U.S. at 678. Lastly, this Court may consider documents central to the plaintiff's claims to which the complaint refers and incorporates as exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

Summary judgment is proper where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id*. A genuine issue for trial is not established by evidence that is merely colorable, or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

### III. ANALYSIS

The defendants move to dismiss the complaint arguing that they are entitled to absolute immunity for their actions relating to the issuance of the bench warrant for the plaintiff's arrest. The defendants cite the Sixth Circuit case of *Foster v. Walsh* to support their assertion that a court clerk erroneously issuing a bench warrant is entitled to absolute immunity for the quasi-judicial action. *See Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). The plaintiff argues that a subsequent decision by the Supreme Court is contrary to *Foster* and requires that the clerk exercise discretionary judgment in order to be granted absolute quasi-judicial immunity, which the plaintiffs argue Smith did not exercise here and thus is not immune from this suit. *See Antoine v. Byers & Anderson*, 508 U.S. 429, 432 (1993).

It is clearly established that judges are absolutely immune from claims arising out of the performance of judicial functions. *Forrester v. White*, 484 U.S. 219, 226-27 (1988). Judicial immunity has been extended to court personnel other than judges, including court clerks. *Foster*, 864 F.2d at 417. However, absolute judicial or quasi-judicial immunity does not extend to the performance of non-judicial functions. *Id.* "The Supreme Court has endorsed a 'functional' approach in determining whether an official is entitled to absolute immunity." *Bush v. Rauch*, 38

5

F.3d 842, 847 (6th Cir. 1994) (citing *Foster* with approval and using the "functional" test to determine the judicial nature of an action over a year after *Antoine* was decided). This approach requires the court to look at the "nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (citing *Antoine* for the proposition that the official seeking absolute immunity bears the burden of justifying immunity for the function in question and holding that prosecutors were entitled to absolute immunity after using a "functional" test). Quasi-judicial immunity extends to persons performing tasks "so integral to or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush*, 38 F.3d at 847 (citing *Scruggs v. Moellering*, 870 F.2d 376 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989)).

In *Foster*, the plaintiff sued the clerk of the Akron Municipal Court for an erroneously issued arrest warrant. *Foster*, 864 F.2d at 417. The plaintiff initially failed to pay a traffic violation and the judge issued an order requiring the plaintiff to pay the fine by a particular date and stating that failure to do so would result in the plaintiff's arrest. *Id.* The plaintiff paid the fine before the deadline imposed by the court; however, a bench warrant was issued by the clerk for the plaintiff's arrest. *Id.* The "question presented [in *Foster*], therefore, was whether the issuance of a warrant for Mr. Foster's arrest was a judicial function or a non-judicial function" as the answer determined whether the clerk was entitled to absolute immunity from suit. *Id.* The "appropriate inquiry" was not whether the act was discretionary or ministerial. *Id.* Citing to decisions of the Fifth and Eighth Circuits holding that a clerk issuing a warrant at the direction of a judge is performing a function to which absolute immunity attaches, the court stated that "the appropriate inquiry is whether the function in question is a truly judicial act or an act that simply happens to have been done by judges." *Id.* (internal citations omitted). "[T]he issuance of the

warrant for Mr. Foster's arrest, even though non-discretionary, was a truly judicial act;" therefore, the clerk was entitled to absolute immunity. *Id.* at 418. Pursuant to *Foster*, the defendants argue that they are entitled to absolute immunity for the act of issuing an arrest warrant.

The plaintiff first argues that this case is distinguishable because Smith, unlike the clerk in *Foster*, was not acting at the direction of a judge or pursuant to court order in issuing the erroneous warrant. However, the plaintiff has provided no case law nor could the Court find case law holding that the issuance of a bench warrant by a clerk was not a "judicial act" entitling the clerk to absolute immunity or that the action taken by the clerk must have been at the direction or order of a judge in order to be protected by quasi-judicial immunity. Instead, the plaintiff attempts to distinguish the facts here from *Foster* by only arguing that unlike the clerk in *Foster,* Smith was not acting upon judicial order.

The plaintiff relies heavily on *Antoine* to argue that *Foster*'s functional "appropriate inquiry" holding is no longer binding on this court but instead judicial immunity protection is determined by whether the defendant exercised discretionary judgment in the act. *Antoine* resolved a circuit split regarding whether a court reporter was entitled to judicial immunity for failing to produce a transcript of a federal criminal trial. *Antoine*, 508 U.S. 429, 430-31 (1993). "When judicial immunity is extended to officials other than judges, it is because their judgments are 'functionally comparable' to those of judges—that is, because they, too, 'exercise a discretionary judgment' as part of their function." *Id.* at 436 (citing *Imbler v. Pachtman*, 424 U.S. 409, 423 n. 20 (1976) (holding that prosecutors were entitled to absolute immunity for § 1983 suits where the actions fall within the scope of prosecutorial duties)). Because court reporters are statutorily required to "record verbatim" the court proceedings, they do not

7

"exercise the kind of judgment that is protected by the doctrine of judicial immunity, " and therefore are not entitled to absolute immunity for § 1983 actions. *Id.* at 436-37.

The plaintiff interprets the Supreme Court's opinion in *Antoine* to hold that a judicial official is only entitled to absolute immunity where the function performed requires discretion. While this reading appears to facially apply the language of the *Antoine* opinion, the Sixth Circuit has not applied such a stringent rule post-*Antoine*. From the Court's review, the Sixth Circuit has not directly interpreted the *Antoine* holding as it applies to court clerks or their actions. However, the Sixth Circuit has cited to and relied on *Foster*'s "functional approach" multiple times since *Antoine* was decided. *See Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997); *Bush*, 38 F.3d 842; *Johns v. Bonnyman*, 109 Fed. App'x 19, 21 (6th Cir. Aug. 6, 2004).

In the second motion to dismiss or motion for summary judgment, the defendants put forth evidence that Smith was acting upon judicial order setting bond following the Grand Jury Presentment, even though that bond order was erroneous. Smith declared that pursuant to the general practices of the clerk's office that she issued a bench warrant based on Judge Rice's bond order. The plaintiff disputes that the writing on the presentment setting bond was an "order" by Judge Rice because "there is no order language anywhere on the presentment, nor is there any language directing anyone to issue a 'bench warrant.'" [Doc. 25 ¶ 3]. However, according to Smith in her declaration, it is the general practice and custom in the Clerk of Court's office to issue a bench warrants following receipt of a presentment where a judicial officer has set a bond. Smith declared she was operating under the order of a judicial official when issuing the erroneous warrant.

Here, the issuance of a bench warrant for the arrest of the plaintiff was a "judicial act." *See Foster*, 864 F.2d at 418 ("the issuance of the warrant for Mr. Foster's arrest, even though

8

non-discretionary, was a 'truly judicial act.'"). The plaintiff has presented no case law or argument why the issuance of an arrest warrant is not a judicial function that is integral to and intertwined with the judicial process. The actions of Smith and Blankenship of which the plaintiff complains are actions taken in the performance of their quasi-judicial duties and therefore are actions protected by quasi-judicial immunity. The § 1983 claims against Smith and Blankenship in their individual capacities are hereby DISMISSED.

The defendant also moved to dismiss the state law claims of libel, false imprisonment, and negligence against Smith based on absolute immunity. The plaintiff did not address this in his response to the motion to dismiss. The Court will nonetheless address this argument on the merits. The Court comes to the same conclusion for these state law claims as it did for the § 1983 claim, i.e., that Smith is entitled to quasi-judicial immunity for her action in issuing an arrest warrant. *See Chapman v. Kelley*, M2001-00928-COA-R3-CV, 2002 WL 1974136, at *5 (Tenn. Ct. App. Aug. 28, 2002) (holding that court clerks who had negligently failed to inform the court of an improperly issued warrant were entitled to quasi-judicial immunity because they were officials involved in an integral part of the judicial process and performed judicial or quasi-judicial functions). The state law claims against Smith are hereby DISMISSED.

## IV. Conclusion

For the reasons stated above, the defendants' motion to dismiss, [Doc. 4], and motion to dismiss and/or motion for summary judgment, [Doc. 11], are GRANTED.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE